UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:21-CV-80532

LINDSAY LAWSON,

    Plaintiff,

vs.

SOUTH COUNTY MENTAL HEALTH CENTER, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Lindsay Lawson, brings this action to address the conduct by Defendant, South County Mental Health Center, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Lindsay Lawson ("Ms. Lawson")**, was and is a resident of Palm Beach County, at all times material, and she is *sui juris*.

2.     **Defendant, South County Mental Health Center, Inc. ("South County")**, is a for profit mental health facility that operates its business within Palm Beach County, Florida, and it is *sui juris*.

3.     This Court has original jurisdiction over Ms. Lawson's claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental / pendent jurisdiction over her related state law claim(s) pursuant to 28 U.S.C. §1367.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because South County is located within this District and because most of the actions complained of occurred within this District.

1

### *Background Facts*

5. Ms. Lawson began working for South County as a Registered Nurse ("RN"), beginning on or about October 29, 2018.

6. Ms. Lawson was otherwise qualified to work as an RN at South County; she passed all background investigations, possessed all required certifications, and had all necessary education, training, and experience to work at South County in the RN position for which she was hired.

7. Ms. Lawson underwent a pre-employment toxicology screening, and passed.

8. Ms. Lawson is further authorized by the State of Florida to work as a Registered Nurse, without restriction.

9. Ms. Lawson thereafter maintained a stellar work history with South County; she received no adverse employment actions, received no discipline, and was not the subject of any adverse employment actions until on/after May 7, 2019.

10. South County has at all times material employed 50 or more employees within 75 miles of the location at which Ms. Lawson worked.

11. South County is responsible for the actions of its agents and employees acting within the course and scope of their employment and/or whose actions South County ratified through its actions and/or inactions.

12. Ms. Lawson learned that her father had been diagnosed with malignant cancer on May 6, 2019.

13. Ms. Lawson worked her scheduled shift for South County the following day, on May 7, 2019.

14. During that May 7, 2019 shift, Ms. Lawson became overcome by emotions and sunk/sat down on the floor against the wall at about 11:00 a.m., once the gravity of the situation

involving her father hit her.

15. Another nurse attended to Ms. Lawson and took her vitals, which were all within normal limits, such that Ms. Lawson did not receive any first aid or medical attention.

16. Ms. Lawson was uninjured, and actually stayed in her assigned unit to complete the documentation in each necessary patient's chart before going to the human resources department.

17. South County nonetheless accused Ms. Lawson of falling at work, triggering a work-injury scenario in which she was advised to leave the facility to be subjected to a toxicology screen.

18. Furthermore, Ms. Lawson was instructed that she would be placed on FMLA.

19. Although South County utilizes surveillance cameras within its facility, it failed to check them to verify whether Ms. Lawson fell or whether – as she informed her employer – she simply sunk down once overcome with emotion (which would not implicate a work accident covered by Chapter 440, Florida Statutes) and had not fallen.

20. Ms. Lawson requested that the surveillance footage be reviewed, but South County refused and maintained its directive that Ms. Lawson undergo a toxicology screen.

21. Prior to leaving the facility, Ms. Lawson informed Mr. Wims, an employee of South County, of her prescription regimen by text message, due to the fact that a prescription medication would appear on the toxicology report.

22. Mr. Wims thereafter shared that confidential information with others at South County – including persons who had no need to know of her medical condition(s) or the medication(s) she took for same – without express or implied authorization from Ms. Lawson.

23. Mr. Wims was at all times acting within the course and scope of his employment with South County.

24. The toxicology screen reported to South County identified the prescription

medication that Ms. Lawson disclosed on May 7, 2019, as expected.

25. The medication prescribed to Ms. Lawson is for a physical or mental condition that either substantially limits one or more major life activities or is of a type that she was regarded as having a physical or mental condition that South County "regarded" as substantially limiting one or more major life activities of Ms. Lawson.

26. South County then informed Ms. Lawson that she was required to bring in the actual prescription bottles that contain her medication(s).

27. South County does not require that its other employees who either are not disabled or are not "regarded as" disabled provide their prescription medication bottles for inspection by its human resources department.

28. Ms. Lawson provided South County with prescription history from the pharmacy at which she filled her prescription(s) that identified her medication(s).[1]

29. Ms. Lawson explained that she did not maintain the actual prescription bottles in which the medication(s) came in because she places the medication(s) into pill dispensers for the sake of organization.

30. Upon learning of the nature of the medication(s) taken by Ms. Lawson and the conditions for which she takes the medication(s), South County began to immediately take adverse employment actions against her by presupposing that she has or was abusing her prescription medication(s).

31. These adverse employment actions included the issuance of several warnings to Ms.

---

[1] Due to the nature of the medication(s) at issue and the condition(s) at issue, as well as Ms. Lawson's work as a Registered Nurse, the specific information is not being provided due to the potential adverse consequences for her.

Lawson because of the nature of medication(s) that Ms. Lawson was prescribed, and the condition(s) for which the medication(s) address.

32. The adverse actions also included broadcasting the medication(s) that Ms. Lawson was prescribed to her co-workers unnecessarily, subjecting Ms. Lawson to unnecessary ridicule, scorn, and humiliation.

33. Ms. Lawson maintained privacy with regard to her medical condition(s) and medication regimen at all times material.

34. All conditions precedent have been performed by Ms. Lawson, occurred, or waived by South County.

35. Ms. Lawson retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

## COUNT I – DISABILITY DISCRIMINATION
## IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Lindsay Lawson, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

36. The Americans with Disabilities Act of 1990, *see* 42.U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

37. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

5

38. South County was at all times material an "employer", as the term is defined by the ADA.

39. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

40. Ms. Lawson has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

41. Ms. Lawson has an impairment that substantially limits one or more major life activities.

42. South County "regarded" Ms. Lawson as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

43. South County was a "covered entity" that discriminated against Ms. Lawson "on account of" her (perceived) disability and/or "on account of" her actual disability.

44. South County improperly subjected Ms. Lawson to ridicule and harassment in her work because she had or because of her disability and/or because it regarded her as having a disability upon learning of her medication regimen.

45. South County's practice of requiring Ms. Lawson to disclose her medication regimen – and to provide the actual prescription bottles – has the effect of discriminating against person with disabilities by requiring the disclosure of protected health information when there was no adverse impact on her job performance.

46. South County's acts of omission and/or of commission violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

47. As a direct and proximate result of South County's intentional discrimination as described above, Ms. Lawson suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish as a direct and proximate result of South County's conduct.

48. South County's actions have caused and will continue to cause Ms. Lawson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

49. South County's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Lawson's federally protected rights, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Lindsay Lawson, demand the entry of a judgment in her favor and against Defendant, South County Mental Health Center, Inc., after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the South County Mental Health Center, Inc., from discriminating against her, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

### COUNT II – UNLAWFUL DISCLOSURES
### IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Lindsay Lawson, reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

50. The Americans with Disabilities Act of 1990, *see* 42.U.S.C. §12101, *et seq.*, as well as

the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

51. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

52. South County was at all times material an "employer", as the term is defined by the ADA.

53. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

54. Ms. Lawson has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

55. Ms. Lawson has an impairment that substantially limits one or more major life activities.

56. South County "regarded" Ms. Lawson as disabled as a result of its considering her to have a mental impairment that substantially limits one or more major life activities.

57. South County engaged in unlawful disclosure of Ms. Lawson's confidential medical information in violation of the ADA, 42 U.S.C. §12112(4)(C) by disclosing her medication(s) and thus the nature of her medical condition(s) to others and without necessity, justification, or Ms. Lawson's consent.

58. South County's unauthorized disclosure(s) have caused and will continue to cause Ms. Lawson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life,

and other non-pecuniary losses, all in an amount to be established at trial.

59. South County's unauthorized disclosure(s) was/were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Lawson's federally protected rights, and she is therefore entitled to punitive damages.

WHEREFORE Plaintiff, Lindsay Lawson, demand the entry of a judgment in her favor and against Defendant, South County Mental Health Center, Inc., after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages, mental anguish, the grant of injunctive relief prohibiting South County Mental Health Center, Inc., from any further disclosures, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **COUNT III – VIOLATION OF FRCA**

Plaintiff, Lindsay Lawson, reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

60. The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

61. South County was at all times material an "employer", as the term is defined by the FCRA.

62. Ms. Lawson has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

63. Ms. Lawson has an impairment that substantially limits one or more major life activities.

64. South County "regarded" Ms. Lawson as disabled as a result of its considering her

to have an impairment that substantially limits one or more major life activities.

65. South County was a "covered entity" that discriminated against Ms. Lawson "on account of" her (perceived) disability and/or "on account of" her actual disability.

66. South County never performed any study, analysis, or determined whether it could accommodate any perceived or actual disability of Ms. Lawson.

67. South County improperly subjected Ms. Lawson to ridicule and harassment in her work because she had or because it regarded her as having a disability.

68. South County's acts of omission and/or of commission violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

69. As a direct and proximate result of South County's intentional discrimination as described above, Ms. Lawson suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish as a direct and proximate result of South County's conduct.

70. South County's actions have caused and will continue to cause Ms. Lawson to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

71. South County's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Ms. Lawson's federally protected rights, and she is therefore entitled to punitive damages

WHEREFORE Plaintiff, Lindsay Lawson, demand the entry of a judgment in her favor and against Defendant, South County Mental Health Center, Inc., after trial by jury, for compensatory damages, including for damages to her reputation, emotional distress damages,

mental anguish, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting the South County Mental Health Center, Inc., from discriminating against her, punitive damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Lindsay Lawson, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of March 2021.

>                s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Alfred Munoz, demands a trial by jury of all issues so triable.

Dated this 5th day of March, 2018.

        Respectfully Submitted,

        FAIRLAW FIRM
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:    305.230.4884
        Fax:   305.230.4844

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com

        *and*

        GALBUT WALTERS & ASSOCIATES, LLP
        4770 Biscayne Blvd.
        Suite 1400
        Miami, FL 33137
        Tel: (305) 672-3100
        Fax: (305) 531-6987
        s/ Michael Joseph, Esq.
        Michael Joseph, Esq.
        Fla. Bar No.: 0086776
        mjoseph@galbutwalters.com